# Allied Associations of West Philadelphia et al., Appellants, v. Public Service Commission.

*Street railways—Extension—Municipal consent — Public Service Commission.*

The Public Service Commission has no power to compel the Philadelphia Rapid Transit Company and two companies consolidated with it, to build extensions in certain territory, where there is nothing whatever in the charter of the transit company and one of the consolidated companies authorizing them to build extensions in the territory in question, and the charter of the other consolidated company only permits it to build extensions if it secures municipal consent and there is nothing to show that any steps had been taken to secure such consent. The fact that the charter of one of the consolidated companies was subject to the provision of Sec. 20, of the Railroad Act of February 19, 1849, P. L. 79, reserving to the Commonwealth the rights to alter or amend

its charter, is immaterial inasmuch as the Public Service Commission is not invested with authority to enlarge the powers of the corporations, so as to give them the right to build extensions.

Where a contract between the Philadelphia Rapid Transit Company and the City of Philadelphia provides conditions under which extensions are to be made with municipal consent, such contract cannot be construed as giving authority to the Public Service Commission to compel the transit company to build extensions irrespective of the city's consent, or to compel the city to give its consent to such extensions.

Argued Oct. 30, 1917. Appeal, No. 283, Oct. T., 1917, by complainants, from order of Public Service Commission, Complaint Docket No. 1366, dismissing complaint in case of Allied Associations of West Philadelphia et al. v. Public Service Commission and Philadelphia Rapid Transit Company et al. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

*C. Oscar Beasley,* with him *Edward B. Martin,* for appellants.—The Public Service Commission has jurisdiction and authority to compel a public service corporation to exercise any right or privilege possessed by such public service corporation whenever the welfare of the public requires the exercise of such right.

The Philadelphia Rapid Transit Company and its subsidiary companies now possess charter rights and municipal consents to occupy with and extend their tracks to any street in the City of Philadelphia: Northern Pac. R. R. Co. v. Minnesota ex rel. Duluth, 208 U. S. 583; Penna. R. R. Co. v. Braddock Elect. Ry. Co., 152 Pa. 116.

Whenever a public service corporation has the right and purports to serve an entire city or district the Public Service Commission has jurisdiction and authority to compel such public service corporation to extend its facilities to new streets in the city or district covered by its operations: Glen Rock Motor Club v. York & Maryland Turnpike Co., 64 Pa. Superior Ct. 147; Mis. Pac. R. R. Co. v. Kansas, 216 U. S. 261.

*Boyd Lee Spahr,* with him *Ellis Ames Ballard,* for the
Philadelphia Rapid Transit Co. et al., cited: Vulcanite
Paving Co. v. Philadelphia Rapid Transit Co., 220 Pa.
603; Relief Electric Light, Heat & Power Co.'s Petition,
63 Pa. Superior Ct. 1.

OPINION BY HENDERSON, J., July 10, 1918:

Certain associations of business men and citizens of
West Philadelphia presented their petition to the Public
Service Commission, asking that an order of the com-
mission be issued, requiring the Philadelphia Rapid
Transit Company and the Lombard and South Street
Passenger Railway Company to build "A double tracked
car line from the eastern end of the Passyunk avenue
bridge along 63d street to its intersection with Wood-
land avenue east along Woodland avenue to 56th street,
and north on 56th street to Lancaster avenue, and operate
the same as a through street car line from 3d and Dock
streets to 56th and Lancaster avenue and return."

It appearing in the answer of the Philadelphia Rapid
Transit Company that the Lombard and South Street
Passenger Railway Company was consolidated with the
Frankford and Southwark Philadelphia City Passenger
Railroad Company, under the name of the Frankford
and Southwark Philadelphia City Passenger Railroad
Company, by articles of consolidation dated April 11,
1893, the petitioners amended their petition by adding
the Frankford and Southwark Philadelphia City Passen-
ger Railroad Company as a party to the proceeding. The
West Philadelphia Passenger Railway Company became
a party on a petition to intervene. The answer filed by
the companies interested denies the right to the order
prayed for, for the reason that none of the companies
named had chartered rights and franchises which per-
mitted them to build the lines described, and that the
Public Service Commission was without lawful author-
ity to make the order prayed for.

The case was heard on the petition and answers, and the petition refused, the commission entertaining the opinion that the Philadelphia Rapid Transit Company was without corporate authority to construct street railways; that the route of the Lombard and South Street Passenger Railway Company, consolidated with the Frankford and Southwark Philadelphia City Passenger Railroad Company was specifically defined in its act of incorporation and that the route thus prescribed does not extend into the territory sought to be reached by the proposed new line; that the West Philadelphia Passenger Railway Company, which was authorized by the Act of April 8, 1858, "To extend their said road to any part of the 24th ward of the City of Philadelphia, along any of the public streets or highways thereof, provided however, that said company shall first present to the councils of said city a plan and statement exhibiting the route of any such proposed extension, and if councils shall not within sixty days thereafter by ordinance disapprove thereof, the consent of said councils shall be deemed to be given thereto," did not thereby acquire power to construct railway lines in the territory then embraced within the 24th ward, without the consent of the city, and that such consent had not been given, nor had any plans been approved by the city for the extension of the lines of that company, as desired by the petitioners.

It is admitted for the purposes of the case that the 24th ward as existing in 1858 embraces the territory within which the new lines, as suggested by the petitioners, would be located. Nothing in the charter of the Philadelphia Rapid Transit Company, or the Frankford and Southwark Philadelphia City Passenger Railroad Company has been brought to our attention which invests these corporations with authority to build the lines of road which the appellants seek to have constructed. The only legislative authority to which our attention has been called, bearing directly on the subject, is the pro-

vision of the Act of April 8, 1858, above quoted, relating to the West Philadelphia Passenger Railway Company. The authority there granted is limited, however, by the requirement that the city councils must first examine the plan and approve of same or fail within sixty days to disapprove, before the authority of the company becomes operative. It is clear that it was not the legislative purpose to give to that company authority to occupy the prescribed territory at the pleasure of the company, and without regard to the interests of the city as controlled by the councils.

The act enlarges the power of the company to make extensions in the new territory when, and only when, the city consents to the particular plan or plans submitted by the company. And this restriction is carried into the Constitution which provides in Article XVII, Section 9, that: "No street passenger railway shall be constructed within the limits of any city, borough, or township, without the consent of its local authorities." The streets are under the control of the municipality, and the occupancy of any of them is subject to the police power.

It is said, however, that the charter of the Lombard and South Street, now the Frankford and Southwark company, is subject to the provision of Section 20 of the Railroad Act of 1849, reserving to the Commonwealth the right to alter or amend the charter, and that such amendment has been made by giving the Public Service Commission authority to order extensions of railway lines.

We are unable to follow the reasoning of the learned counsel to the conclusion reached by them. The Public Service Commission is not invested with authority to enlarge the powers of corporations. It may regulate their action in the respects provided for in the act creating the commission, but is not authorized to expand their powers beyond the limits established by their charters. Whatever act the Lombard and South Street

Company, as now existing in the Frankford and Southwark Company, could perform the Public Service Commission may regulate as authorized by the statute but it would be an extravagant construction of language to hold that it can impose on such companies obligations not included in their express or implied powers and duties.

When the Public Service Commission Act requires such companies to make "All such repairs, changes, alterations, additions, extensions and improvements in and about their facilities and service as may be reasonably necessary and proper for the safety, accommodation, convenience and service of their patrons, employees and the public," the function of the commission only relates to the facilities and services which their charters empower or obligate such corporations to perform.

It is argued, however, that the contract between the city and the Philadelphia Rapid Transit Company contemplates extension of the street car lines of the city in order that it shall better serve the public, and grants authority to make extensions. We have examined this contract with care, but do not find in its terms language which sustains the argument to the conclusion reached. Its preamble recites the necessity for the raising of a large sum of money for the improvement of the service of the company, and that assurance be given of the right to make extensions in the future. But the second and third sections prescribe in express terms for the conditions under which extensions are to be made; and the right is reserved to determine by ordinance the route of new lines to be constructed and the terms and procedure under which they shall be built, financed, and operated. On failure of the company to accept the plan within ninety days the city may offer the right to construct and operate to such other persons, companies or corporations as may be willing to undertake the same. Nowhere do we find authority in any of the corporations

named to proceed with the construction of new lines of railroad in the territory under consideration, without municipal consent.

Of what avail, then, would be an order of the commission requiring these respondents, or any of them, to proceed with the construction of this work? It is not within the capacity of the Public Service Commission to compel the city to give its consent to the use of the streets for such a purpose. It is true, as argued by the appellants, that the commission may, under certain circumstances, restrain the action of the municipality as in the case of the execution of a contract affecting the public, not approved by the commission; but that is a very different exercise of power from the enforcement of an order requiring municipal consent where discretion is vested in the councils.

It is unnecessary to consider the farreaching effect of an order requiring a railway company to extend its lines into territory not theretofore occupied, involving the outlay of large sums of money against the wishes of the stockholders and without charter obligation on the part of the company so to do. It is sufficient to say that the petitioners have not disclosed a state of facts which would enable the companies complained against or any of them to proceed with the work proposed, without first having the consent of the city. This objection is met with the answer by the appellant: "The Philadelphia Rapid Transit Company can organize subsidiary companies, all of whose stock it can own, which companies in conjunction with the Philadelphia Rapid Transit Company can get consents and charters for extensions by simply going through a few formalities." This may all be correctly stated, but the difficulty with the case as presented is, that these preliminaries have not been gone through with. The consents have not been obtained, the formalities have not been accomplished, and none of the powers of the Public Service Commission which we have observed, or which have been brought to

our attention, are adequate to enforce these consents and formalities in the manner proposed. It would seem rather to be the work of the municipal council to enforce the provisions of the contract with the Rapid Transit Company with reference to the extension of its lines, if it be the municipal desire to have such work undertaken.

The order of the commission is affirmed, and the appeal dismissed at the cost of the appellants.